UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DALE RICE,

        Plaintiff,                  CIV S-03-1448 PAN

    v.

JO ANNE B. BARNHART,              Memorandum of Decision
Commissioner of Social
Security,

        Defendants.

—o0o—

Pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), plaintiff seeks review of a final decision of the Commissioner of Social Security denying plaintiff's application for disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401, et seq., and for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381, et seq.

The social security disability insurance program established by Title II of the Social Security Act pays cash

benefits to disabled persons who have contributed to the program and retain "insured" status.  42 U.S.C. §§ 423(a)(1)(D), 416(i)(2)(C), 416(I)(3).  The supplemental security income program established by Title XVI of the Act provides benefits to disabled persons without substantial resources and little income. 42 U.S.C. § 1383.

To qualify, a claimant must establish inability to engage in "substantial gainful activity" because of a "medically determinable physical or mental impairment" that "has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 423(d)(1)(A); 1382c(a)(3)(A).  The disabling impairment must be so severe that, considering age, education, and work experience, the claimant cannot engage in any kind of substantial gainful work that exists in the national economy.  42 U.S.C. §§ 423(d)(2)(A); 1382c(a)(3)(B).

The Commissioner makes this assessment by a five-step analysis.  First, the claimant must not currently be working.  20 C.F.R. §§ 404.1520(b), 416.920(b).  Second, the claimant must have a "severe" impairment.  20 C.F.R. §§ 404.1520(c), 416.920(c).  Third, the medical evidence of the claimant's impairment is compared to a list of impairments that are presumed severe enough to preclude work; if the claimant's impairment meets or equals one of the listed impairments, benefits are awarded.  20 C.F.R. §§ 404.1520(d), 416.920(d).  Fourth, if the claimant can do his past work benefits are denied.  20 C.F.R. §§ 404.1520(e), 416.920(e).  Fifth, if the claimant cannot do his

past work and, considering the claimant's age, education, work experience, and residual functional capacity, cannot do other work that exists in the national economy, benefits are awarded. 20 C.F.R. §§ 404.1520(f), 416.920(f).  The last two steps of the analysis are required by statute.  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

Plaintiff applied for benefits in March 2001, at age 46 years, claiming disability since February 2001 due to "emphysema, high red blood cell count, poor vision, chronic lung disease, and rosacea."   Tr. 72, 95.

Plaintiff's claim was denied initially and upon reconsideration by the Social Security Administration.

In January 2003, after a hearing in July 2002, an administrative law judge found that plaintiff was eligible, had not engaged in substantial gainful activity since the alleged disability onset date, had severe impairments consisting of a history of polycythemia, chronic obstructive pulmonary disease, and diabetes, but that none of these met or equaled any listed impairments, that plaintiff is not fully credible, that he is unable to perform his past relevant work, and has the residual functional capacity to perform sedentary work, or work which is generally performed while sitting and does not require lifting in excess of 10 pounds.  He found that plaintiff can occasionally stoop, crouch, kneel and climb stairs, but cannot crawl or climb ladders, ropes or scaffolds, and should avoid concentrated exposure to fumes, chemicals, humidity and extreme temperatures.

1 The administrative law judge also found that transferability of
2 skills is not an issue within the plaintiff's residual functional
3 capacity.  The administrative law judge found that plaintiff uses
4 supplemental oxygen constantly and would need to elevate his legs
5 from 18 to 24 inches throughout most of the workday, and that
6 while these limitations do not allow him to perform the full
7 range of sedentary work, using the medical vocational guidelines
8 as a framework, there are a significant number of jobs in the
9 national economy that he could perform, including charge account
10 clerk, food and beverage order clerk, and callout operator, and
11 that plaintiff was not disabled.  Tr. 22-23.
12      This action follows the Appeals Council's April 2003
13 denial of plaintiff's request for review.  Tr. 7-9.
14      This court must uphold the Commissioner's determination
15 that a plaintiff is not disabled if the Commissioner applied the
16 proper legal standards and if the Commissioner's findings are
17 supported by substantial evidence. Sanchez v. Secretary of
18 Health and Human Services, 812 F.2d 509, 510 (9th Cir. 1987).
19 The question is one of law. Gonzalez v. Sullivan, 914 F.2d 1197,
20 1200 (9th Cir. 1990).  Substantial evidence means more than a
21 mere scintilla, Richardson v. Perales, 402 U.S. 389, 401, 91
22 S.Ct. 1427 (1971), but less than a preponderance, Bates v.
23 Sullivan, 894 F.2d 1059, 1061 (9th Cir. 1990).  It means such
24 relevant evidence as a reasonable mind might accept as adequate
25 to support a conclusion. Richardson, 402 U.S. at 401.  The court
26 cannot affirm the Commissioner simply by isolating supporting

evidence but must consider the entire record, weighing evidence that undermines as well as evidence that supports the Commissioner's decision. <u>Gonzalez v. Sullivan</u>, 914 F.2d at 1200. If substantial evidence supports administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive, <u>Sprague v. Bowen</u>, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if the proper legal standards were not applied in weighing the evidence, <u>Burkhart v. Bowen</u>, 856 F.2d 1335, 1338 (9th Cir. 1988).

Plaintiff claims that defendant erred by failing to consider a combination of plaintiff's impairments and only finding his polycythemia, chronic obstructive pulmonary disease and diabetes severe. Plaintiff also claims defendant erred by rejecting plaintiff's testimony and the opinion of plaintiff's treating physician, and by failing to take into account how plaintiff's symptoms would interfere with his ability to work on a continuous and sustained basis. Finally, plaintiff claims defendant erred by ignoring testimony elicited by plaintiff's counsel from the vocational expert concerning the availability of jobs for someone requiring supplemental oxygen. Based on these alleged errors, plaintiff seeks a determination that he is disabled and an order remanding his claim for payment of benefits. In the alternative, in the case of remand for further proceedings, plaintiff requests that his case be assigned to a different administrative law judge.

With regard to the vocational expert testimony, defendant requests remand for further development of the record. Specifically, defendant agrees that the administrative law judge was required to pose a hypothetical question to the vocational expert that included all of plaintiff's exertional limitations, and failed to do so by not including in his hypothetical plaintiff's need to use supplemental oxygen.[1]

Hypothetical questions posed to a vocational expert must include all the substantial, supported physical and mental functional limitations of the particular claimant. Flores v. Shalala, 49 F.3d 562, 570-71 (9th Cir. 1995); see Light v. Social Sec. Admin., 119 F.3d 789, 793 (9th Cir.1997). If a hypothetical does not reflect all the functional limitations, the expert's testimony as to available jobs in the national economy has no evidentiary value. DeLorme v. Sullivan, 924 F.2d 841, 850 (9th Cir. 1991).

The decision whether to remand a case for additional evidence or simply to award benefits is within the discretion of the court. Pitzer v. Sullivan, 908 F.2d 502, 506 (9th Cir. 1990). Remand for further administrative proceedings is appropriate if enhancement of the record would be useful. Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004)(citing Harman v. Apfel, 211 F.3d 1172, 1174, 1178 (9th Cir. 2000)).

---

[1] Defendant states the Appeals Council has agreed to remand for further vocational expert testimony on this issue.

6

Where the record has been developed fully and further administrative proceedings would serve no useful purpose, the district court should remand for an immediate award of benefits. Benecke, 379 F.3d at 593 (citations omitted). "More specifically, the district court should credit evidence that was rejected during the administrative process and remand for an immediate award of benefits if: (1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and, (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." Id. at 593 (citations omitted).

In this case, the administrative law judge erred by not including plaintiff's limitation requiring supplemental oxygen in the hypothetical question he posed to the vocational expert. Remand for further development of the record through expert testimony based on hypothetical questions encompassing all of plaintiff's limitations is appropriate for determining whether jobs exist in the national economy that plaintiff is capable of doing.

With regard to plaintiff's request for an award of benefits, it must first be determined whether the administrative law judge failed to provide legally sufficient reasons for rejecting the evidence. Here, the evidence "rejected" by the administrative law judge was the opinion of plaintiff's treating

physician and plaintiff's own testimony concerning his symptoms. The administrative law judge provided legally sufficient reasons for rejecting both.

With regard to the physician's opinion, the Commissioner may reject a treating doctor's contradicted opinion for specific and legitimate reasons supported by substantial evidence in the record. Morgan v. Comm'r of Soc. Sec., 169 F.3d 595, 603-04 (9th Cir. 1999).

Here, the administrative law judge rejected the opinion of treating physician, Arlyn LaBair, M.D., that plaintiff's impairments "preclude even sedentary work activity." Tr. 18. Dr. LaBair's assessment was contradicted by the assessment of a state agency physician in August 2001, who found plaintiff capable of occasionally lifting 20 pounds, frequently lifting 10 pounds, and standing, sitting and/or walking for about 6 hours per day. Tr. 131-41. The administrative law judge considered this assessment, along with other substantial evidence in the record, in rejecting Dr. LaBair's assessment. In particular, the administrative law judge noted the infrequency with which Dr. LaBair treated plaintiff for his impairments (polycythemia, ocular rosacea, hypoxia and diabetes). Tr. 18. He also noted that on July 25, 2001, although Dr. LaBair noted "increased exercise tolerance with use of oxygen and treatment through phlebotomy" she then opined that plaintiff would be unable to engage in any useful occupation for the rest of his lifetime. Tr. 20, 188-89. Furthermore, the administrative law judge cited

other medical evidence showing that plaintiff experienced improvements in his symptoms, including polycythemia, with appropriate treatment (Tr. 20, 155, 188-89), and that plaintiff's hospitalization in June 2002 for diabetes complications was attributable to his failure to take prescribed medicine.  Tr. 20, 196.  Finally, the administrative law judge noted that the plaintiff did not seek regular medical treatment for his conditions, reportedly for financial reasons, even though, as the administrative law judge remarked, the record indicates plaintiff was able to obtain supplemental oxygen, inhalers, other medications, and medical treatment when necessary.  Tr. 20.  These reasons cited by the administrative law judge in rejecting Dr. LaBair's opinion that plaintiff is unable to engage in any useful occupation are specific, legitimate, and supported by substantial evidence in the record.

With regard to plaintiff's credibility, the Commissioner may find a claimant is not credible for reasons, supported by the record, that assure a reviewing court that rejection of claimant's testimony about his limitations is not arbitrary.  Bunnell v. Sullivan, 947 F.2d 341 (9th Cir. 1991).  There must be specific, cogent reasons for disbelief and without affirmative evidence of malingering the reasons must be clear and convincing.  Morgan v. Apfel, 169 F.3d 595, 599 (9th Cir. 1999).

The administrative law judge cited the reasons discussed above, and others, in assessing plaintiff's testimony as not fully credible.  Plaintiff testified that he is unable to perform

sustained work activity due primarily to his respiratory complaints.  Tr. 40.  He testified that he uses inhalers and takes supplemental oxygen 24 hours a day for his respiratory problems.  Tr. 35-36.  The administrative law judge noted, however, that in March 2001, plaintiff admitted to Dr. William Lee, M.D., a hematologist, that he had poor compliance with using his supplemental oxygen and with smoking cessation.  Tr. 19, 160-61.  As discussed above, plaintiff's treating physician, Dr. LaBair, also noted "increased exercise tolerance" with supplemental oxygen and phlebotomy.  Tr. 188-89.

With regard to plaintiff's complaints related to his diabetes (Tr. 35, 95), the administrative law judge noted that plaintiff's diabetic condition appears stable based on his lack of regular physician care (Tr. 20), and that his June 2002 hospitalization for high blood sugar occurred because plaintiff had not taken his medicine.  Tr. 20, 196.  With regard to plaintiff's complaints of vision impairment, plaintiff testified that he cannot see to read or pay his own bills.  Tr. 40.  However, plaintiff testified that he uses email, even though his eyes get blurry after about 15 minutes (Tr. 43) and that when he had his eyes examined he was told he just needed a new prescription.  Tr. 40.

Finally, the administrative law judge noted that plaintiff's daily activities include housework such as doing dishes, laundry and occasional cooking, as well as sitting and watching television, and driving Tr. 18, 39-40.  The

administrative law judge noted that these activities are not inconsistent with sedentary work activity. Tr. 18. All these reasons cited by the administrative law judge in finding plaintiff not fully credible are clear, convincing, and supported by substantial evidence.

Because the administrative law judge provided legally sufficient reasons for rejecting Dr. LaBair's opinion and finding plaintiff not fully credible, remand for an award of benefits is inappropriate. See Benecke, 379 F.3d at 593. Furthermore, it is not clear from the record whether the administrative law judge would be required to find plaintiff disabled even if such evidence were credited. Id. The court, therefore, does not reach plaintiff's other allegations of error at this time.

Accordingly, the case is remanded for further administrative proceedings concerning the expert testimony as set forth above. Plaintiff's request for assignment of a new administrative law judge is denied.

Dated: July 11, 2005.

                                      /s/ Peter A. Nowinski
                                      PETER A. NOWINSKI
                                      Magistrate Judge