1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DALE W. RICE,

11            Plaintiff,                    No. CIV S-03-1448 PAN

12        vs.

13   JO ANNE B. BARNHART,
     Commissioner of Social Security,
14
              Defendant.              ORDER
15   _____/

16            Pending before the court is plaintiff's motion for an award of attorneys' fees under

17   the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1).  Plaintiff seeks fees based on

18   4.15 hours in 2003 at the rate of $150.75 per hour ($625.61), 21 hours in 2004 at the rate of

19   $155.05 per hour ($3,256.05), and 3 hours in 2005 at the rate of $160.00 per hour ($480.00), for

20   a total amount of $4,361.66.[1]

21            The EAJA provides that the prevailing party in a civil action against the United

22   States may apply for an order for attorneys' fees and expenses within thirty days of final

23   judgment in the action.  An applicant for Social Security benefits receiving a remand under

24   sentence four of 42 U.S.C. § 405(g) is a prevailing party, regardless of whether the applicant later

25   succeeds in obtaining the requested benefits.  Shalala v. Schaefer, 509 U.S. 292 (1993).

26
     _____

     [1]  Plaintiff seeks the higher hourly rate based on the Consumer Price Index ("CPI")
     figures for the western region of the United States rather than the national CPI figures.

                                        1

1    In the instant case, plaintiff filed a motion for summary judgment March 9, 2004

2    and defendant filed a motion for remand on April 27, 2004.  The matter was remanded for further

3    administrative proceedings concerning expert testimony.  (See Memorandum of Decision filed

4    July 12, 2005.)

5    The Commissioner does not argue that the fees should not be granted because the

6    position of the United States was justified or because other special circumstances make an award

7    unjust.  The Commissioner, however, argues that the amount of fees requested is unreasonable.

8    Defendant argues that the claimed 28.15 hours of attorney time is excessive

9    because plaintiff's counsel would not stipulate to a remand when it was offered and the court

10   agreed with defendant that remand was proper on the vocational issue only and declined to reach

11   plaintiff's other allegations of error.  After a review of the proceedings in this case, there is merit

12   in defendant's contention that the fee award should be adjusted due to the fact that plaintiff did

13   not have success on the motion for summary judgment.  On the other hand, the undersigned finds

14   that the reduction sought by defendant would be excessive.  After carefully reviewing the file,

15   including the pending motion, the court finds a fee award in the amount of 22.15 hours reflects a

16   reasonable number of hours of attorney time as an EAJA award in this matter..

17   Plaintiff is entitled to an award of fees under the EAJA.  However, the EAJA

18   directs the court to award a reasonable fee.  In determining whether a fee is reasonable, the court

19   considers the hours expended, the reasonable hourly rate, and the results obtained.  See

20   Commissioner, INS v. Jean, 496 U.S. 154 (1990); Hensley v. Eckerhart, 461 U.S. 424 (1983);

21   Atkins v. Apfel, 154 F.3d 986 (9th Cir.1998).  Taking a reasonable rate and multiplying it by a

22   reasonable amount of expended hours is not the only task left to the district court under the

23   EAJA.  Atkins, 154 F.3d at 989.  The court must also consider the results obtained.  Id.

24   In considering a reasonable rate for attorneys' fees, an increase in the statutory

25   rate of $125.00 may be justified to account for inflation.  See Ramon-Sepulveda v. INS, 863 F.2d

26   1458, 1463- 64 (9th Cir.1988) (adding inflationary adjustment to statutory maximum).  The

1    COLA adjustment to the statutory cap is computed by multiplying the cap by the consumer price

2    index for urban consumers for the year in which the fees were earned, then dividing by the

3    consumer price index figure on the date that the cap was imposed by Congress.  Russell v.

4    Sullivan, 930 F.2d 1443 (9th Cir. 1991).  The national, rather than local change in cost of living

5    should be applied to adjust the EAJA rate cap because "if Congress had wanted to allow for cost

6    of living adjustments in a particular region or city, it could have done so in the statute."  Stewart

7    v. Sullivan, 810 F. Supp. 1102, 1107 (D. Haw. 1993).  The court will apply the formula using the

8    March 1996 CPI of 155.7, the annual CPI  for 2003 of 184.0, and the annual CPI  for 2004 of

9    188.9.[2]  See U.S. v. Real Property Known as 22249 Dolorosa Street, Woodland Hills, Cal., 190

10   F.3d 977 (9th Cir.1999); Sorenson v. Mink, 239 F.3d 1140, 1148-49 (9th Cir. 2001) (fees based

11   on date legal services performed, not current date).  Accordingly, the court finds a reasonable

12   hourly rate for attorney time, adjusted for inflation, to be $147.63/hour for 2003 and

13   $151.65/hour for 2004.  (See calculations at nn.3,4 at 4, *infra*.)

14          Therefore, counsel for plaintiff is entitled to an EAJA fees award of $4,267.56,

15   which can be broken down as follows:

16          2003:  4.15 hours at $147.63 per hour[3]      =      $  612.66

17          2004:  18.0 hours at $151.65 per hour[4]      =      $ 2,729.70

18   The court will order that the motion for attorney fees under EAJA be granted and that counsel for

19   plaintiff be awarded a total EAJA award of $3,342.36.

20   /////

21

22          [2]  See U.S. Department of Labor Bureau of Labor Statistics website at
     <http://data.bls.gov/cgi-bin/surveymost>, accessed July 27, 2006.

23

24          [3]  The 2003 Annual CPI figure of 184.0 represents an increase of 18% from the March
     1996 figure (184.0 minus 155.7 equals 28.3; 28.3 divided by 155.7 equals .181).  This represents

25   an increase in the $125.00 hourly rate to $147.63 an hour.  ($125.00 times .181 = $22.63;
     $125.00 plus $22.63 equals $147.63).

26          [4]  The 2004 Annual CPI figure of 188.9 represents an increase of 21% from the March
     1996 figure (188.9 minus 155.7 equals 33.2; 33.2 divided by 155.7 equals .2132).  This
     represents an increase in the $125.00 hourly rate to $151.65 an hour).

1    Accordingly,  IT IS HEREBY ORDERED that:

2        1.  Counsel for plaintiff's November 15, 2005 petition for attorney fees is granted

3    in part; and

4        2.  Fees pursuant to EAJA are awarded to counsel for plaintiff in the amount of

5    $4,267.56.

6    DATED: August 17, 2006.

7

8                                    UNITED STATES MAGISTRATE JUDGE

9

10   /001; rice.eaja

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

4