IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DALE W. RICE,

        Plaintiff,                         No. CIV S-03-1448 PAN

        vs.

JO ANNE B. BARNHART,
Commissioner of Social Security,      ORDER AND

        Defendant.                     AMENDED ORDER

_____/

        On October 26, 2006, defendant filed a motion to amend the August 18, 2006 order awarding plaintiff's counsel attorneys' fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1), contending that the August 18 order contained clerical errors. On October 26, 2006, plaintiff filed a response to the motion, contending that the court failed to consider the 3.0 hours counsel worked in 2005 preparing the EAJA motion. Plaintiff's counsel argued that the final award should be amended to include $457.50, for a total award of $3,799.86. Good cause appearing, the order issued August 18, 2006 will be vacated and the court will issue the following amended order.

        Plaintiff has moved for an award of attorneys' fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1). The EAJA provides that the prevailing party in a civil action against the United States may apply for an order for attorneys' fees and expenses

within thirty days of final judgment in the action. An applicant for Social Security benefits receiving a remand under sentence four of 42 U.S.C. § 405(g) is a prevailing party, regardless of whether the applicant later succeeds in obtaining the requested benefits. <u>Shalala v. Schaefer</u>, 509 U.S. 292 (1993).

In the instant case, plaintiff filed a motion for summary judgment March 9, 2004 and defendant filed a motion for remand on April 27, 2004. The matter was remanded for further administrative proceedings concerning expert testimony. (<u>See</u> Memorandum of Decision filed July 12, 2005.)

The Commissioner does not contend that the fees should be denied because the position of the United States was justified or because other special circumstances make an award unjust. The Commissioner, however, argues that the amount of fees requested is unreasonable.

Defendant argues that the claimed 28.15 hours of attorney time is excessive because plaintiff's counsel would not stipulate to a remand when it was offered and the court agreed with defendant that remand was proper on the vocational issue only and declined to reach plaintiff's other allegations of error. After a review of the proceedings in this case, there is merit in defendant's contention that the fee award should be adjusted due to the fact that plaintiff did not have success on the motion for summary judgment. On the other hand, the undersigned finds that the reduction sought by defendant would be excessive. After carefully reviewing the file, including the pending motion, the court finds a fee award in the amount of 22.15 hours reflects a reasonable number of hours of attorney time as an EAJA award in this matter. The court has reached this result by making no reduction in the number of hours requested for work performed in 2003, by reducing the hours requested for work performed in 2004 from 28.5 to 16, and by reducing the number of hours requested for work performed in 2005 (preparation of the EAJA motion) from 3 to 2.

Plaintiff is entitled to an award of fees under the EAJA. However, the EAJA directs the court to award a reasonable fee. In determining whether a fee is reasonable, the court

1  considers the hours expended, the reasonable hourly rate, and the results obtained.  See
2  Commissioner, INS v. Jean, 496 U.S. 154 (1990); Hensley v. Eckerhart, 461 U.S. 424 (1983);
3  Atkins v. Apfel, 154 F.3d 986 (9th Cir.1998).
4        In considering a reasonable rate for attorneys' fees, an increase in the statutory
5  rate of $125.00 may be justified to account for inflation.  See Ramon-Sepulveda v. INS, 863 F.2d
6  1458, 1463- 64 (9th Cir.1988) (adding inflationary adjustment to statutory maximum).  The
7  COLA adjustment to the statutory cap is computed by multiplying the cap by the consumer price
8  index for urban consumers for the year in which the fees were earned, then dividing by the
9  consumer price index figure on the date that the cap was imposed by Congress.  Russell v.
10 Sullivan, 930 F.2d 1443 (9th Cir. 1991).  The national, rather than the local change in cost of
11 living should be applied to adjust the EAJA rate cap because "if Congress had wanted to allow
12 for cost of living adjustments in a particular region or city, it could have done so in the statute."
13 Stewart v. Sullivan, 810 F. Supp. 1102, 1107 (D. Haw. 1993).  The court will apply the formula
14 using the March 1996 CPI of 155.7, the annual CPI for 2003 of 184.0, and the annual CPI for
15 2004 of 188.9.[1]  See U.S. v. Real Property Known as 22249 Dolorosa Street, Woodland Hills,
16 Cal., 190 F.3d 977 (9th Cir.1999); Sorenson v. Mink, 239 F.3d 1140, 1148-49 (9th Cir. 2001)
17 (fees based on date legal services performed, not current date).  Accordingly, the court finds a
18 reasonable hourly rate for attorney time, adjusted for inflation, to be $147.63/hour for 2003,
19 $151.65/hour for 2004 and $152.50/hour for 2005.  (See calculations at nn. 2-4 at 4, *infra*.)
20       Therefore, counsel for plaintiff is entitled to an EAJA fees award of $3,344.06
21 which can be broken down as follows:
22 /////
23 /////
24 /////
25 /////
26

---

[1] See U.S. Department of Labor Bureau of Labor Statistics website at <http://data.bls.gov/cgi-bin/surveymost>, accessed July 27, 2006.

|   |   |   |   |
|---|---|---|---|
| 1 | 2003: 4.15 hours at $147.63 per hour[2] | = | $ 612.66 |
| 2 | 2004: 16.0 hours at $151.65 per hour[3] | = | $2,426.40 |
| 3 | 2005: 2.0 hours at $152.50 per hour[4] | = | $ 305.00 |

The court will order that the motion for attorney fees under EAJA be granted and that counsel for plaintiff be awarded a total EAJA award of $3,344.06.

Accordingly, IT IS HEREBY ORDERED that the order of this court issued herein on August 18, 2006 is vacated, and the court will issue the following amended order:

1. Counsel for plaintiff's November 15, 2005 petition for attorney fees is granted in part; and

2. Fees pursuant to EAJA are awarded to counsel for plaintiff in the amount of $3,344.06.

DATED:  December 12, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

/001; rice.eaja3

---

[2] The 2003 Annual CPI figure of 184.0 represents an increase of 18% from the March 1996 figure (184.0 minus 155.7 equals 28.3; 28.3 divided by 155.7 equals .181).  This represents an increase in the $125.00 hourly rate to $147.63 an hour.  ($125.00 times .181 = $22.63; $125.00 plus $22.63 equals $147.63).

[3] The 2004 Annual CPI figure of 188.9 represents an increase of 21% from the March 1996 figure (188.9 minus 155.7 equals 33.2; 33.2 divided by 155.7 equals .2132).  This represents an increase in the $125.00 hourly rate to $151.65 an hour).

[4] The 2005 calculation is 191 = 1.22 x $125 = $152.50.